Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50271 | **DATE** | 10/8/2002 |
| **CASE TITLE** | Geschke vs. Air Force Assn, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Strike

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion and order, Defendants' Motion to Strike is granted in part and denied in part. The Magistrate Judge orders specific language in paragraph fifty-eight stricken as per attached order. Additionally, the Magistrate Judge orders all of paragraph fifty-nine stricken from Plaintiff's complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: sp

Date docketed: OCT - 8 2002

Document Number: 18

date mailed notice: 10/8/2002

mailing deputy initials: sp

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IRENE M. GESCHKE, )
individually, and IRENE M. GESCHKE as )
Executor of Estate of Clarence O. Geschke )
)
Plaintiff, ) Case No. 02 C 50271
)
v. ) Philip G. Reinhard
) P. Michael Mahoney
AIR FORCE ASSOCIATION, and )
MONUMENTAL LIFE INSURANCE )
COMPANY )
)
Defendants. )

## Memorandum Opinion and Order

Air Force Association and Monumental Life Insurance Company ("Defendants") filed a Rule 12(f) Motion to Strike paragraphs fifty-eight and fifty-nine of Irene M. Geschke's ("Plaintiff") complaint. For the following reasons, the Magistrate Judge grants in part and denies in part Defendants' motion as to paragraph fifty-eight. The Magistrate Judge grants Defendants' motion as to paragraph fifty-nine.

## Background

Plaintiff originally filed her complaint in state court but Defendants removed the case to federal court pursuant to 28 U.S.C. §§1441 and 1446. On August 2, 2002, Plaintiff filed a four count amended complaint alleging two breach of contract counts under §155 of the Illinois Insurance Code, one count of consumer fraud, and one count of common law fraud.[1] In her

---

[1]Jurisdiction is based on 28 U.S.C. §1332. Plaintiff is an Illinois citizen and the Air Force Association is incorporated in the District of Columbia with its headquarters in Virginia.
(continued...)

1

complaint, the Plaintiff alleges Defendants represented that certain medical benefits will be paid, in this case payment for blood and plasma required by leukemia patients, without dollar limitations but failed to follow through on such representation. Defendants filed their answer to Plaintiff's complaint and their Motion to Strike on September 27, 2002.

## Discussion

Rule 12(f) states, "[U]pon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Generally, motions to strike are disfavored and are therefore usually denied. *Porter v. International Business Machines Corp*, 21 F.Supp.2d 829, 831 (N.D. Ill. 1998)(citing *Hrubec v. National R.R. Passenger Corp.*, 829 F.Supp. 1502 (N.D. Ill. 1993). Courts will strike portions of a complaint only if the challenged allegations are so unrelated to the present claim as to be void of merit and unworthy of consideration. *Kies v. City of Aurora*, 149 F.Supp.2d 421, 427 (N.D. Ill. 2001).

Before addressing the merits of Plaintiff's motion, the Magistrate Judge addresses the timeliness of Defendants' motion. Under Rule 12(f), the motion is to be filed within 20 days after the service of the pleading. Although the actual date Defendants received the complaint is unknown, it was conceivably sometime around August 2, 2002. Even if Defendants did not receive the complaint for a couple of days after August 2, 2002, Defendants still did not file their Motion to Strike until September 27, 2002. Although Defendants' Motion to Strike is

---

[1](...continued)
Monumental Life Insurance is incorporated in Maryland with its principal place of business in Maryland and the amount in controversy exceeds $75,000.

2

technically untimely under 12(f), "upon the court's own initiative at any time, the court may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991)(stating that "Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, ... .") Therefore, the Magistrate Judge addresses the merits of Defendants' Motion to Strike.

Defendants' Motion to Strike specifically asks for paragraph fifty-eight and fifty-nine to be stricken from Plaintiff's complaint. Paragraphs fifty-eight and fifty-nine allege the following:

> 58. The conduct set forth above is part of a pattern of dishonest conduct by Monumental in the marketing and sale of cancer insurance and the processing of claims under such insurance, as set forth in Walson v. Monumental Life Ins. Co., 129 Idaho 211, 923 P.2d 456 (1996)(Exhibit 6). The conduct condemned in that decision included paying a Masonic organization $100,000, essentially for the use of its name by Monumental in selling the insurance to its members.
>
> 59. Cancer insurance has been banned or severely restricted in a number of states, on the ground that loss ratios (percentage of premium income paid as claims) are extremely low and unfair and deceptive practices are commonly used in selling its. See American Family Life Ins. Co. v. Teasdale, 733 F.2d 559 (8th Cir. 1984).

The Defendants argue that the allegations set forth in paragraphs fifty-eight and fifty-nine are "wholly irrelevant to the conduct alleged in its pleadings, impertinent and clearly designed to improperly prejudice the Defendants and the public record ... ." (Defs' Mot. to Strike Paragraphs 58 & 59 of Pl.'s Second Am. Compl. at 2). Alternatively, Plaintiff argues the "challenged allegations are highly relevant to and supportive of [P]laintiff's claims that Monumental engaged

3

in intentional or willful wrongdoing." (Pl.s Resp. to Defs' Mot. to Strike at 6).

The Magistrate Judge turns first to paragraph fifty-eight. The initial section of paragraph fifty-eight is proper under the Federal Rules. However, all information contained in the paragraph after the word "insurance" is immaterial. As such, the Magistrate Judge orders all information contained in paragraph fifty-eight after the word "insurance" stricken from Plaintiff's complaint.[2]

Turning next to paragraph fifty-nine, the whole paragraph as written is immaterial and irrelevant. The fact that cancer insurance has been banned or severely restricted in a number of states is immaterial and irrelevant to the instant claim. Therefore, the Magistrate Judge orders all of paragraph fifty-nine stricken from Plaintiff's complaint.

For the above stated reasons, Defendants' Motion to Strike is granted in part and denied in part. The Magistrate Judge orders specific language in paragraph fifty-eight stricken as per this Order. Additionally, the Magistrate Judge orders all of paragraph fifty-nine stricken from Plaintiff's complaint.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 10/8/02

---

[2]The Magistrate Judge specifically orders the following language stricken, "as set forth in Walson v. Monumental Life Ins. Co., 129 Idaho 211, 923 P.2d 456 (1996)(Exhibit 6). The conduct condemned in that decision included paying a Masonic organization $100,000, essentially for the use of its name by Monumental in selling the insurance to its members."

4