# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50271 | **DATE** | 7/16/2004 |
| **CASE TITLE** | GESCHKE vs. AIR FORCE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted as to plaintiff's Count I breach of contract, Count III common law fraud and Count IV statutory fraud claims. Count II is dismissed. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | Document Number |
|---|---|---|
| ☐ No notices required, advised in open court. | | |
| ☐ No notices required. | number of notices | |
| ✓ Notices mailed by judge's staff. | JUL 16 2004 | |
| ☐ Notified counsel by telephone. | date docketed | 71 |
| ☐ Docketing to mail notices. | | |
| ✓ Mail AO 450 form. | docketing deputy initials | |
| ✓ Copy to judge/magistrate judge. ✓ | 7-16-04 | |
| /SEC | date mailed notice | |
| courtroom deputy's initials | 2004 JUL 16 PM12:10 | |
| | U.S. DISTRICT COURT | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Irene Geschka, a citizen of Illinois, individually and as executor of the estate of her late husband, Clarence Geschka, a citizen of Illinois, (hereinafter "decedent"), filed a second amended complaint against defendants, the Air Force Association, a District of Columbia nonprofit corporation with its principal place of business in Arlington, Virginia, (hereinafter "AFA") and Monumental Life Insurance Company, a Maryland corporation with its principal place of business in Baltimore, Maryland, (hereinafter "Monumental"), seeking to recover insurance benefits allegedly due decedent under a group cancer insurance policy serviced and administered by the AFA and underwritten by Monumental. Plaintiff proceeds under three theories: breach of contract (Counts I and II), common law fraud (Count III), and statutory fraud (Count IV). As the amount in controversy exceeds $75,000, this court properly has diversity jurisdiction under 28 U.S.C. § 1332. The parties agree that Illinois law applies. Defendants move for summary judgment.

On summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-movant. Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003). Summary judgment is not appropriate where a reasonable jury could return a verdict for the non-movant. Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003). The court's sole task is to decide, based on the evidence of record, whether there is any genuine issue of material fact in dispute that requires a trial. Only if there is not will the moving party be entitled to summary judgment as a matter of law. See Payne, 337 F.3d at 771.

Illinois law requires that a claim for breach of contract establish: (1) the existence of a contract, (2) performance of all conditions to be performed by plaintiff, (3) breach by defendant, and (4) damages to plaintiff as a consequence thereof. Shubert v. Federal Express Corp., 715 N.E.2d 659, 661 (Ill. App. Ct. 1999). In this case, the parties dispute the existence of a genuine issue of material fact with regard to defendants' breach on the Blood and Plasma benefit (hereinafter "the benefit") as stated in Count I.[1] Defendants argue that because the benefit "unambiguously" provides for "expenses for the cost of blood or blood plasma" without providing for "administration and processing fees, laboratory costs, or supplies associated with blood transfusions or analysis" and because defendants indeed paid the "cost of [decedent's] blood or blood plasma," there is no genuine issue of material fact as to the breach and they are entitled to summary judgment as a matter of law.

The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law which are appropriate subjects for disposition by summary judgment. Crum and Forster Managers Corp. v. Resolution Trust Corp., 620 N.E.2d 1073, 1077 (Ill. 1993). In construing the language of the policy, the court's primary objective is to ascertain and give effect to the intent of the parties to the contract. Traveler's Ins. Co. v. Eljer Mfg., 757 N.E.2d 481, 491 (Ill. 2001). In order to ascertain the meaning of the policy's words and the intent of the parties, the court must construe the policy as a whole and take into account the type of insurance purchased, the nature of the risks involved and the overall purpose of the contract. Traveler's Ins. Co., 757 N.E.2d at 491. The test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. Allstate Ins. Co. v. Smiley, 659 N.E.2d 1345, 1350 (Ill. App. 1995). When a contract provision is subject to more than one reasonable interpretation, it is ambiguous and must be construed against the drafter. Bourke v. The Dun & Bradstreet Corp., 159 F.3d 1032, 1036 (7th Cir. 1998). On the other hand, where it is susceptible to only one meaning, it is clear and unambiguous, Bourke, 159 F.3d at 1037, and a court must afford the words their plain, ordinary and popular meaning, Outboard Marine Corp. v. Libery Mutual Ins. Co., 607 N.E.2d 1204, 1212 (Ill. 1992).

Our primary purpose in construing the instant policy provision is to ascertain the intent of the parties. Initially, we look to the nature of the policy at issue and the risks undertaken by the insurer. Outboard Marine Corp., 607 N.E.2d at 1215. The overall purpose of the contract between plaintiff and defendants is to provide specific, supplemental insurance benefits "to help with the high cost of cancer treatment." Thus, unlike the comprehensive general liability policy at issue in Outboard Marine Corp., this plan is intended to provide limited benefits as identified in the policy and not to provide primary, all-encompassing insurance to cover all of the expenses associated with a course of cancer treatment. See Outboard Marine Corp., 607 N.E.2d at 1215. "Treatment," in fact, is not referenced in any of the materials that specifically define the Blood and Blood Plasma benefit at issue. Plaintiff admits in her deposition that she and decedent understood at the time of enrollment that the policy provided supplemental coverage that paid, not medical expenses, but specific benefits as identified under the plan. The terms "blood" and "plasma" are not defined within the policy itself so the court must interpret these terms by affording them their plain, ordinary, and popular meanings. See Outboard Marine Corp., 607 N.E.2d at 1215. "'Usual and ordinary meaning' has been stated variously to be that meaning which the particular language conveys to the popular mind, to most people, to the average, ordinary, normal person, to a reasonable person, to persons with usual and ordinary understanding, to a business person, or to a layperson." Outboard Marine Corp., 607 N.E.2d at 1216. Webster's Third New International Dictionary defines "blood" as "the fluid that circulates in the principal vascular system of vertebrate animals" and "plasma" as "the fluid part of blood." To the popular mind, to persons with usual and ordinary understanding, to the reasonable person paying just $31.50 per family per quarter for supplemental insurance to provide specific cancer benefits, the term "cost of blood or blood plasma" reasonably refers only to the cost of the blood product itself.

For these same reasons, interpreting the benefit's language to include the costs of administration and processing fees, laboratory costs, and supplies associated with blood transfusions or analysis, as plaintiff asserts, is not reasonable. In light of the plain, ordinary and popular meaning of the terms "blood" and "plasma," the court cannot find that the parties intended the coverage of this limited supplemental cancer insurance policy to extend so far as to cover all of the costs associated with a blood transfusion.

The elements required to state a cause of action for common law fraud in Illinois are: (1) a false statement of material fact, (2) defendants' knowledge that the statement was false, (3) defendants' intent that the statement induce the plaintiff to act, (4) plaintiff's reliance upon the truth of the statement, and (5) plaintiff's damages resulting from reliance on the statement. Connick v. Suzuki Motor Co., 675 N.E.2d 584, 591 (Ill. 1996). Failure to prove any of these five elements is fatal to a common law fraud claim.

In this case, plaintiff states that the policy's reference to "expenses for the cost of blood or blood plasma" is a half-truth amounting to a misrepresentation by which defendants intended to mislead decedent into believing the benefit would cover expenses for the processing and administration of blood incidental to a blood transfusion. The court does not find anything about this language to be false or misleading. Defendants' choice of words merely raises a question of contract interpretation, which this court has already decided as a matter of law in favor of defendants. Where a contract provision is found to be unambiguous based upon the plain meaning of the words used in the policy, it cannot be a "false statement of material fact."

To successfully claim a violation of the Illinois Consumer Fraud Act, (hereinafter "the Act"), 815 ILCS 505/2, a plaintiff must prove: (1) a deceptive act or practice by defendant, (2) defendant's intent that plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to plaintiff (5) proximately caused by the deception. Oliveira v. Amoco Oil Co., 776 N.E.2d 151, 160 (Ill. 2002). It is not necessary that a plaintiff show actual reliance on the deceptive act or that the defendant committed the deceptive act in bad faith; instead, innocent misrepresentations or omissions intended to induce the plaintiff's reliance are actionable. Capiccioni v. Brennan Naperville, Inc., 791 N.E.2d 553, 558 (Ill. App. 2003). Nevertheless, proof of actual deception of the plaintiff is required. Shannon v. Boise Cascade Corp., 805 N.E.2d 213, 218 (Ill. 2002).

Whether a practice is deceptive or unfair under the Act must be decided on a case by case basis. Carl Sandburg Village Condominium Assoc. No. 1 v. First Condominium Dev. Co., 557 N.E.2d 246, 249 (Ill. App. 1990). Just as the court found above with respect to plaintiff's common law fraud claim, there is no evidence in this case of a deceptive act or practice by defendants. This court has already decided as a matter of law that the terms of the Blood and Plasma benefit are unambiguous in the manner that defendants have asserted. With that said, the benefit is what it is and it cannot at the same time be deceptive or misleading as to plaintiff. By the same token, plaintiff's argument that the benefit runs afoul of the Act's prohibition against "unfair" practices also falls short.

For the reasons stated above, defendants' motion for summary judgment is granted as to plaintiff's Count I breach of contract, Count III common law fraud and Count IV statutory fraud claims. Count II is dismissed. This case is dismissed in its entirety with prejudice.

---

[1] Defendants' motion does not discuss the merits of plaintiff's Count II breach of contract claim for defendants' alleged failure to pay diagnostic and surgical benefits as promised under the policy. Defendants note that plaintiff's counsel represented that plaintiff would not be pursuing this claim and plaintiff has not disagreed with this statement. Count II, therefore, is dismissed.